IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WOODMEN OF THE WORLD
LIFE INSURANCE SOCIETY,

    Plaintiff,

v.                                                                                 Civ. No. 01-768 RLP/LFG

CECILIA SANCHEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion to Dismiss. The case was filed in federal court on the basis of diversity of citizenship, 28 U.S.C. § 1332. As alleged in the Complaint and Motion to Compel Arbitration [Doc. 1], plaintiff Woodmen of the World Life Insurance Society (the "Company") is a fraternal benefit society organized and existing under the laws of the State of Nebraska and defendant Cecilia Sanchez is a citizen of New Mexico. Complaint, ¶¶ 1-2. The Company asserts that the "amount in controversy" exceeds $75,000. *Id.* at ¶ 5.

Ms. Sanchez and others[1] filed a complaint in New Mexico State Court on behalf of themselves and other purported class members seeking, *inter alia*, declaratory, injunctive, and monetary relief from the Company. The state court action has been stayed and so there is no ruling as to whether the case will be certified as a class action. The Company's

---

[1] The instant case is one of four identical cases filed by the Company against various individuals. *See Woodmen v. Manganaro*, Civ. No. 01-763 RLP/LFG; *Woodmen v. Hoffer*, Civ. No. 01-764 WWD/LFG; *Woodmen v. Anaya*, Civ. No. 01-765 LFG/WWD. By Order of the Court, the cases have been consolidated into the *Manganaro* case and have been stayed pending the outcome of the Motion to Dismiss filed in this case. *See Woodmen v. Sanchez*, Civ. No. 01-00768 RLP/LFG [Doc. 12].

complaint in federal court seeks to compel Ms. Sanchez to comply with the arbitration provision in the policy rather than seek redress in the courts. Ms. Sanchez has moved to dismiss and her grounds are lack of subject matter jurisdiction and so her motion is construed under Fed.R.Civ.P. 12(b)(1).

The Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.* does not supply the basis for federal question jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Jurisdiction in this case rests on the diversity statute, 28 U.S.C. § 1332. The diversity citizenship of the parties is not at issue. Rather, it is the amount in controversy that is contested. Ms. Sanchez contends that the amount in controversy is $12,625.38, not the $75,000 alleged by the Company. *See* Motion to Dismiss [Doc. 6], ¶ 4 and Exhibit A thereto.

Because this is an independent federal proceeding, the standard for deciding the amount in controversy differs from the standard in removal cases. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). When a plaintiff pleads the requisite amount in controversy in good faith, the court must accept that amount unless the defendant shows "to a legal certainty" that the plaintiff's damages do not satisfy the amount in controversy. *State Farm Mut. Auto Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

The parties' arguments concerning whether the $75,000 minimum is met may be briefly stated. Ms. Sanchez argues that even if granted full relief, her damages could not exceed approximately $13,000. *See* Brief in Support of Motion to Dismiss [Doc. 7] at 5. The Company argues that because Ms. Sanchez, and the putative class members, are

seeking injunctive relief, the cost of compliance (mailing notices to policy holders) would entail aggregate costs greater than the $75,000 required by § 1332.

The issue before this court is whether the Company will be allowed to aggregate its cost of compliance or whether the amount is determined by its cost to each putative class member. That issue, in the setting of an independent federal proceeding, has not been decided by the Tenth Circuit Court of Appeals. Although the issue is novel, there exists sufficient precedent in this circuit for this court to determine that the Company may not aggregate its costs and therefore the case must be dismissed.

In this circuit, the amount in controversy is determined by the cost to either party. *See Justice v. Atchison, Topeka and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir. 1991); *City of Moore v. Atchison, Topeka and Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983); *Lonnquist v. J. C. Penney Co.*, 421 F.2d 597, 598 (10th Cir. 1970); *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). Although the *Justice* court took into account the cost of injunctive relief to the defendant, the court noted that "the vast majority of courts have measured the amount in controversy in injunction cases by looking at either the cost to the defendant or the value to the plaintiff." 927 F.2d at 505.

However, before the court may consider that cost, the precedent in this circuit also requires resolving whether the class member's individual claims may be aggregated. *Lonnquist*, 421 F.2d at 599. Aggregation of the class members' claims is only allowed in two circumstances: (1) where a single plaintiff seeks to aggregate two or more of his own claims against a single defendant; or (2) when two or more plaintiffs unite to enforce a single right in which they enjoy a common and undivided interest. *Leonhardt v. Western*

3

*Sugar Co.*, 160 F.3d 631, 637 (10th Cir. 1998) (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). Neither of those two circumstances are present here.

In arguing its position, the Company asserts that the aggregate cost of mailing flyers to its customers would exceed $75,000 in mailing costs. Ms. Sanchez reasonably points out that there is no reason why the flyers would need a mailing separate from the billing it could accompany. In that event, the cost of compliance would be merely the cost of printing the flyers and the Company has not argued that such printing costs would exceed $75,000. In *Lonnquist* the court noted that when parties have "separate and distinct claims that cannot be aggregated, it would be improper to look to total detriment" as the determining factor. *See also Foster v. Microsoft Corp.*, 2000 WL 714353, *1 (D. Kan. 2000) (unpublished opinion) (cost of complying with injunctive relief is prorated among members of putative class). Based on the foregoing, Ms. Sanchez has shown to a "legal certainty" that the Company's potential damages do not meet the jurisdictional amount.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. 6] is granted and this case is dismissed without prejudice.

                                                                   Richard L. Puglisi
                                               United States Magistrate Judge
                                                    (sitting by designation)

For the Plaintiff:    Andrew G. Schultz, Esq.
                             Walter T. Gilmer, Jr., Esq.

For the Defendant:   Anthony B. Jeffries, Esq.